```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

CEDRIC PLOTT, # 211648,        *
                               *
     Plaintiff,                *
                               *
vs.                            *  CIVIL ACTION NO. 20-00018-JB-B
                               *
ALABAMA DEPARTMENT OF          *
CORRECTIONS,                   *
                               *
     Defendant.                *
```

## REPORT AND RECOMMENDATION

Plaintiff Cedric Plott, an Alabama state prisoner proceeding *pro se*, filed a complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees. (Docs. 1, 2). This action, which was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R), is presently before the Court due to Plott's failure to pay the $83.50 initial partial filing fee as directed.

Upon review of Plott's motion to proceed without prepayment of fees and prisoner financial statement (Docs. 2, 6), the Court, in an order dated June 15, 2020, granted Plott's motion and ordered him to pay a partial filing fee in the amount of $83.50 by July 17, 2020. (Doc. 7 at 1-2). Plott was expressly advised that he was required to pay the $83.50 partial filing fee in order for his case to proceed further. (Id. at 1). The Court also cautioned

Plott that failure to comply with the order within the prescribed time would result in the dismissal of this action for failure to prosecute and obey the Court's order. (Id. at 2).

Plott did not tender payment of the $83.50 partial filing fee by July 17, 2020 or ask for additional time within which to do so. As a result, the Court, on August 12, 2020, entered an order requiring Plott to show cause, by September 10, 2020, why this action should not be dismissed due to his failure to comply with the Court's order to pay the $83.50 partial filing fee. (Doc. 8).

The Court's June 15, 2020 order directing Plott to pay the partial filing fee and the Court's August 12, 2020 show cause order were both mailed to Plott at Donaldson Correctional Facility, and neither order was returned to the Court as undeliverable. Moreover, the Alabama Department of Corrections' website reflects that Plott is still incarcerated at Donaldson Correctional Facility. See http://www.doc.state.al.us/InmateInfo.

To date, Plott has not paid the $83.50 initial partial filing fee, requested additional time to do so, or notified the Court of any steps that he has taken to comply with the Court's order. Plott has also failed to respond to the Court's show cause order, despite being ordered to do so.

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or failure to obey a court order. Brown v. Tallahassee Police Dep't,

2

205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[1]  "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."  Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)).  To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct."  Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

In light of Plott's failure to comply with two Court orders and his failure to prosecute this action by paying the partial filing fee, and upon consideration of the alternatives available to the Court, it is recommended that this action be **DISMISSED** without prejudice pursuant to Rule 41(b).  The order directing Plott to pay the partial filing fee and the order to show cause were not returned to the Court as undeliverable, and the record reflects no attempts by Plott to comply with the orders or explain

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

why he is unable to do so. Thus, the Court finds that Plott's failure to pay the partial filing fee constitutes willful conduct, and that lesser sanctions will not suffice to induce Plott's compliance with the orders of the Court.[2]

If Plott disputes the finding that he failed to comply with the Court's order directing him to pay the initial partial filing fee by authorizing payment by prison officials, he must set forth in an objection to this report and recommendation the reasons for his failure to pay. See Wilson v. Sargent, 313 F.3d 1315, 1321 (11th Cir. 2002) (finding that allowing objections to a magistrate judge's report and recommendation is an acceptable means of ascertaining the steps taken by a prisoner to comply with the order to pay a partial filing fee).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. §

---

[2] In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). The Court notes that some or all of the acts or omissions alleged in Plott's complaint occurred between 2004 and 2008 (see Doc. 1 at 4-5), and therefore some or all of Plott's claims may be barred by the statute of limitations even if this action were not dismissed due to Plott's willful failure to prosecute and obey the Court's orders. (See Doc. 1).

636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **17th** day of **September, 2020.**

                                **/S/ SONJA F. BIVINS**
                          **UNITED STATES MAGISTRATE JUDGE**